William Canning, as Administrator of Jane Canning, Deceased, Appellant, *v.* Buffalo, Rochester and Pittsburgh Railway Company, Respondent.

Negligence — Contributory Negligence, when a Question of Fact. Whether or not one killed at a railroad crossing on a highway in attempting to cross the tracks was guilty of contributory negligence is a question of fact for the jury, where it appears that the accident occurred on a very dark night; that a long train of cars, the last of which struck the deceased, was between the engine and the crossing toward which it was backing them and from which the engine itself was distant between 200 and 300 feet; that the working of the engine drowned the noise of the approaching cars; that there was no light on them, nor any signal to give notice of their presence, and the deceased was unable to discover them by her sight or hearing, since, under such circumstances, the deceased was not bound as matter of law to anticipate that there might be a train of cars approaching between the engine and the crossing.

*Canning* v. *B., R. & P. Ry. Co.*, 46 App. Div. 634, reversed.

(Argued October 9, 1901; decided November 26, 1901.)

Appeal from a judgment of the Appellate Division of the Supreme Court in the fourth judicial department, entered December 20, 1899, affirming a judgment in favor of defendant entered upon a dismissal of the complaint by the court at a Trial Term.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Charles J. Bissell* for appellant. There was ample evidence of the defendant's negligence, and that question should have been submitted to the jury. (*Maginnis* v. *N. Y. C. & H. R. R. R. Co.*, 52 N. Y. 215; *Hermans* v. *N. Y. C. & H. R. R. R. Co.*, 17 N. Y. Supp. 319; 63 Hun, 625; 137 N. Y. 558; *McCaffrey* v. *D. & H. C. Co.*, 16 N. Y. Supp. 495; 62 Hun, 618; 137 N. Y. 568; *Friess* v. *N. Y. C. & H. R. R. R. Co.*, 67 Hun, 205; 140 N. Y. 639.) The evidence established that the plaintiff's intestate was free from contributory negligence; at least, there was evidence from which the inference could be drawn that she was so free, and

that question should have been submitted to the jury, and the nonsuit was error. (Thomas on Negligence, 424; *Pakalinsky* v. *N. Y. C. & H. R. R. R. Co.*, 82 N. Y. 424; *Seeley* v. *N. Y. C. & H. R. R. R. Co.*, 8 App. Div. 402; *Zoliewski* v. *N. Y. C. & H. R. R. R. Co.*, 140 N. Y. 621; *Greany* v. *L. I. R. R. Co.*, 101 N. Y. 419; *Parsons* v. *N. Y. C. & H. R. R. R. Co.*, 113 N. Y. 355; *Miller* v. *N. Y. C. & H. R. R. R. Co.*, 82 Hun, 164; 146 N. Y. 367; *Crosby* v. *N. Y. C. & H. R. R. R. Co.*, 88 Hun, 196; *Pitts* v. *N. Y., L. E. & W. R. R. Co.*, 79 Hun, 546; *Chisolm* v. *State*, 141 N. Y. 246.)

*Nathaniel Foote* for respondent. Mrs. Canning had ample warning that a train of cars was moving toward the crossing. She was then in a place of safety, not required to act as in an emergency, and nothing prevented her from taking sufficient time to ascertain the extent of the danger before attempting to cross in front of the moving train. Failing to do so, she was grossly negligent, and no other inference can reasonably be drawn from the evidence. (*Pakalinsky* v. *N. Y. C. & H. R. R. R. Co.*, 82 N. Y. 424; *Wilds* v. *H. R. R. R. Co.*, 29 N. Y. 315; *Wohlfahrt* v. *Beckert*, 92 N. Y. 490; *Wiwirowski* v. *L. S. & M. S. Ry. Co.*, 124 N. Y. 420; *Donnelly* v. *B. C. R. R. Co.*, 109 N. Y. 16; *Scott* v. *P. R. R. Co.*, 130 N. Y. 679; *Maginnis* v. *N. Y. C. & H. R. R. R. Co.*, 52 N. Y. 215; *Wendell* v. *N. Y. C. & H. R. R. R. Co.*, 91 N. Y. 420; *Daniels* v. *S. I. R. T. Co.*, 125 N. Y. 407; *Cordell* v. *N. Y. C. & H. R. R. R. Co.*, 75 N. Y. 330.) Mrs. Canning was guilty of contributory negligence, as matter of law, in attempting to cross all the tracks without taking other precautions for her safety than to look once in the direction the train was coming, and that before she crossed the first track. (*Wiwirowski* v. *L. S. & M. S. Ry. Co.*, 124 N. Y. 420; *Tucker* v. *N. Y. C. & H. R. R. R. Co.*, 124 N. Y. 308.)

CULLEN, J. The action is brought to recover damages for the negligent killing of plaintiff's intestate, his wife. The defendant's road ran through the village of Gainesville east

and west, crossing substantially at right angles the main street of that village, which ran north and south. At this point the defendant had three tracks, the middle track being the main track, and the northerly and southerly tracks sidings. Just south of the defendant's road there was a creek, which the highway crossed on a bridge. The north end of this bridge was sixteen feet south of the southerly track. The accident occurred about half-past ten o'clock on the night of the 21st day of November, 1896. It had been raining shortly before the time of the accident and it was then still cloudy and very dark. The plaintiff and the deceased lived to the north of the railroad, and on the evening in question had been visiting neighbors residing some distance on the other side of the railroad. The husband and the wife started together to return home. The husband left her for a few moments to deliver a message and then went to overtake his wife who was proceeding on her course. The plaintiff reached the south end of the bridge just as the deceased was stepping off the north end. While on the bridge he discovered an engine approaching the crossing from the east. He called to the deceased that a train was coming. At this time she was at the south track. She stopped, held up a lantern which she was carrying, looked to the east and said : "It is so far down we have plenty of time to go over. If we don't it may switch here and keep us standing half an hour." She then continued on her way and as she stepped on the middle track was struck by a gondola car and killed. It appeared that the defendant's servants were engaged in switching some of the cars composing the train. The engine was backing towards the crossing with eight gondola cars before it, in the direction in which it was then moving. The length of one of these cars was thirty feet and the space between cars three feet. The deceased was struck by the car furthest from the engine. The evidence of the plaintiff located the engine when he first discovered it at a point 313 feet distant from the crossing. His attention was called to it by the noise of its "puffing" and all he could observe in addition to the noise were the lights on the engine and the

sparks flying out of its smokestack. The testimony of the plaintiff and his witnesses tended to establish that there were no lights on the cars nor any signal given of their approach, and that on account of the darkness of the night they could not be seen. Whatever noise they made seems to have been drowned in that occasioned by the working of the engine. The engine was moving at a speed variously stated from six to ten miles an hour. At the close of the plaintiff's case the learned trial court dismissed the complaint in obedience to the decision of the Appellate Division made on an appeal from a prior judgment rendered in the action in which decision it was held that the plaintiff was guilty of contributory negligence.

In disposing of this appeal it would not be profitable to refer to or cite from many of the decisions in negligence cases in which our reports abound. The difference of opinion to be found in those decisions usually relates, not to the general principles of the law of negligence, but to their application to the facts of the particular case in hand. The rule has been stated by this court: " When the inferences to be drawn from the proof are not certain and incontrovertible it cannot be decided as a question of law by directing a verdict or nonsuit, but must be submitted to the jury." (*Thurber* v. *Harlem Bridge, M. & F. R. R. Co.*, 60 N. Y. 326.) This doctrine is subject to the qualification also decided by this court that: " It is, however, at war with settled principles to hold that when the facts show that an injured party has been guilty of negligence, much more, of willful and persistent recklessness in approaching a known danger, that a court should permit a jury to charge the consequences of such conduct upon another party. \* \* \* He (the person crossing a railroad track) should not be permitted to make close calculations to determine whether he can safely pass in front of an approaching body, and when the experiment has failed, charge the consequences of his mistake upon the owner of the colliding vehicle or property." (*Wendell* v. *N. Y. C. & H. R. R. R. Co.*, 91 N. Y. 420.) Therefore the question to be determined in this case is, whether

it can be said that as a matter of law the plaintiff recklessly approached a known danger or took doubtful chances of passing safely in front of the train, or whether under the circumstances of the case it was a question as to which prudent men might reasonably differ. The failure to ring the bell or blow a whistle constitutes no factor in this case, because the plaintiff knew of the approach of the engine. For the same reason, the fact that the engine was backing without a headlight is without bearing on the controversy, except so far as a headlight would have disclosed that cars were being moved in front of the engine. If the deceased was called upon to apprehend danger from the engine only, it cannot be said as a matter of law that she was guilty of negligence in seeking to cross before it, for at the time she was struck the engine was 260 feet away, and two or three steps would have placed her in safety. The tracks were the ordinary gauge, four feet eight and a half inches, and the distance between tracks seven feet. Therefore, an advance of less than twenty feet from the position of the deceased when she first saw the engine would have placed her in safety from this train, and by an advance of thirty feet she would have passed all the tracks. The vital question in the case is narrowed to this: Was the deceased as a matter of law bound to anticipate that there might be a train of cars approaching between the engine and the crossing though there were no lights on the cars nor any signal to give notice of their presence, and she was unable to discover them by her sight or hearing? We think that question must be answered in the negative. Considering the number of cars before the engine and the circumstances attending the accident, the question of the plaintiff's contributory negligence was one of fact for the jury, not of law for the court.

The judgment appealed from should be reversed and a new trial granted, costs to abide the event.

PARKER, Ch. J., GRAY, BARTLETT, MARTIN, VANN and WERNER, JJ., concur.

Judgment reversed, etc.